**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PETER SKLAR,** § § **Plaintiff,** § § vs. § § **MICROSOFT CORPORATION,** § § **Defendant.** § § | **CASE NO. 2:06-CV-007 PATENT CASE** |

**MEMORANDUM OPINION AND ORDER**

This Opinion construes terms in claim 5 in U.S. Patent Nos. 6,025,843 ("the '843 patent") and in claims 11 and 19 in 6,243,094 ("the '094 patent") (collectively "the patents-in-suit"). Peter Sklar ("Sklar") alleges that the Microsoft Corporation ("Microsoft") infringes the patents-in-suit. On March 29, 2007, the Court conducted a claim construction hearing in this matter.

**BACKGROUND**

Sklar co-developed an improved user interface for performing computer database searches and filtering search results that resulted in U.S. Patent No. 5,790,121 ("the '121 patent"). The improved user interface uses selective clustering of the items to be displayed. Selective clustering is a way for the user interface to group items that will not fit side-by-side in the display area due to crowding, while leaving ungrouped those items that can be displayed without interfering with one another. The patents-in-suit are continuations-in-part of the '121 patent.

Sklar recognized a problem that arises when there is more information to be presented than the area available for its presentation. Sklar's innovation allowed someone searching for an item to find it more quickly. The patents-in-suit relate to improving the display of search results by

optimizing the display of category labels and item labels to use all of the available display area in a manner that provides the greatest probability that the user will find the information wanted in the first presentation of the information.  For example, the new portion of the specification, added by the continuation-in-part applications, teaches one way the invention can accomplish optimal display of selected clustered information.  In that example, a threshold count for the display area is determined, and each category having a number of items equal to or less than the threshold count is opened.  The threshold count is then adjusted to shrink or expand the list to best fit the display area.

## APPLICABLE LAW

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (quoting *Innova/Pure Water Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)).  In claim construction, courts examine the patent's intrinsic evidence to define the patented invention's scope.  *See id.*; *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 861 (Fed. Cir. 2004); *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001).  This intrinsic evidence includes the claims themselves, the specification, and the prosecution history.  *See Phillips*, 415 F.3d at 1314; *C.R. Bard, Inc.*, 388 F.3d at 861.  Courts give claim terms their ordinary and accustomed meaning as understood by one of ordinary skill in the art at the time of the invention in the context of the entire patent.  *Phillips*, 415 F.3d at 1312–13; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003).

The claims themselves provide substantial guidance in determining the meaning of particular claim terms.  *Phillips*, 415 F.3d at 1314.  First, a term's context in the asserted claim can be very instructive.  *Id.*  Other asserted or unasserted claims can also aid in determining the claim's meaning

because claim terms are typically used consistently throughout the patent. *Id.* Differences among the claim terms can also assist in understanding a term's meaning. *Id.* For example, when a dependent claim adds a limitation to an independent claim, it is presumed that the independent claim does not include the limitation. *Id.* at 1314–15.

"[C]laims 'must be read in view of the specification, of which they are a part.'" *Id.* (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc)). "[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'" *Id.* (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)); *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002). This is true because a patentee may define his own terms, give a claim term a different meaning than the term would otherwise possess, or disclaim or disavow the claim scope. *Phillips*, 415 F.3d at 1316. In these situations, the patentee's lexicography governs. *Id.* Also, the specification may resolve ambiguous claim terms "where the ordinary and accustomed meaning of the words used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained from the words alone." *Teleflex, Inc.*, 299 F.3d at 1325. But, "'[a]lthough the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988)); *see also Phillips*, 415 F.3d at 1323. The prosecution history is another tool to supply the proper context for claim construction because a patent applicant may also define a term in prosecuting the patent. *Home Diagnostics, Inc., v. Lifescan, Inc.*, 381 F.3d 1352, 1356 (Fed. Cir. 2004) ("As in the case of the

specification, a patent applicant may define a term in prosecuting a patent.").

Although extrinsic evidence can be useful, it is "'less significant than the intrinsic record in determining the legally operative meaning of claim language.'" *Phillips*, 415 F.3d at 1317 (quoting *C.R. Bard, Inc.*, 388 F.3d at 862). Technical dictionaries and treatises may help a court understand the underlying technology and the manner in which one skilled in the art might use claim terms, but technical dictionaries and treatises may provide definitions that are too broad or may not be indicative of how the term is used in the patent. *Id*. at 1318. Similarly, expert testimony may aid a court in understanding the underlying technology and determining the particular meaning of a term in the pertinent field, but an expert's conclusory, unsupported assertions as to a term's definition is entirely unhelpful to a court. *Id*. Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id*.

## THE '843 and '094 PATENTS[1]

*Presenting a user with selection of items* and *Presenting a user with a display of a selection of items*

The parties and the Court agree that the terms have their plain ordinary meaning and do not require construction.

*Item*

The Court agrees with Sklar that the term "item" has its plain ordinary meaning and does not require construction. Microsoft argues the term "item" should be construed to mean "a person or thing represented by a record in a searchable database, such as a particular car represented in a database of cars available for sale or a particular web page represented in an URL database." For support, Microsoft points to the '843 patent specification, which states "this invention provides an

---

[1] Appendix A contains the patent-in-suit claims with the disputed terms in bold.

improved interface for performing computer database searches and filtering search results." '084 patent, Col. 1:12-15.  Microsoft argues the asserted claims are not directed to manipulating real world things, but are directed to computer representations, or records, that are considered in the decision-making process.  Sklar contends one of ordinary skill in the art reading the claims, the specification, and the file history would understand the term "item" has its plain ordinary meaning.

The Court first looks to the claims themselves to determine what the term means.  *Phillips*, 415 F.3d at 1312.  Sklar defined in the body of every asserted claim what is meant by the term "item."  For example, the '843 patent states an "item is characterized as being a member of one category."  '843 patent, Claim 5.  Microsoft's argument to add examples from the specification into the claim language is unconvincing.  The specification's written description does not limit the scope of the claimed invention.  *Markman*, 52 F.3d at 980.  Furthermore, Microsoft's effort to define "item" as a person or thing represented by a record in a database is unpersuasive.  Claim 1 of the '121 patent used the exact language that Microsoft is seeking to insert into the Court's construction.  Sklar, however, did not use that language in the claims of the patents-in suit.  The scope "of each individual claim must be examined on its own merits."  *Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1267 (Fed. Cir. 1985).  Therefore, limitations from one independent claim are not imputed to another independent claim.  The preamble of Claim 1 of the '121 patent states:

> 1. A user interface generated by a digital computer for user selection from among a plurality of items wherein each of the plurality of items is referenced by a record in a database with at least one field in the record defining at least one coordinate for the item, the user interface comprising:

The preamble of Claim 5 of the '843 patent states:

> 5. A method of presenting a user with selection of items, wherein each item is characterized as being a member of one category selected from a plurality of

categories, the method comprising the steps of:

The preamble of Claim 11 of the '094 patent states:

> 11. A method of presenting a user with a display of a selection of items, wherein each item is characterized in the display as being a member of a category selected from a plurality of categories, the method comprising the steps of:

The "record" or "database" limitations urged by Microsoft are not found anywhere in the claims of the patents-in-suit. The specification portion that was added by the continuation-in-part applications are directed toward a user interface where "databases" are one potential underlying application. The first two sentences of the major textual portion appended during the continuation-in-part applications state: "Fig. 11 illustrates the use of clustering to optimally fill the display 900. Display 900 is a display which might be used to gain insight into a database of cars available for sale." The term "might be used" makes clear the exemplary nature of the embodiment.

The term "item" is not a scientific term or term of art that a lay juror would not understand. "The ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Philips*, 415 F.3d at 1314. In the specification of the patents-in-suit, the term "item" is used in everyday English. Accordingly, the Court does not construe "item" with the limitation that an item be represented by a record in a searchable database.

*Characterized as being a member of one category selected from a plurality of categories* and *Characterized in the display as being a member of a category selected from a plurality of categories*

Sklar contends one of ordinary skill in the art reading the claims, the specification, and the file history would understand the terms have their plain ordinary meaning. If the terms require

construction, Sklar proposes the terms should mean "a category is a collection of items having a common characteristic, and being a member of one category is one item in one category where more than one category exists." The Court, however, modifies Sklar's proposed construction and construes the terms to mean "one characteristic of an item is that it is a member of at least one category, where multiple categories exist." Microsoft argues that the terms should be construed to mean "the method identifies each item as being a member of one category and as not being a member of one or more other categories. A category is a collection of items having a common characteristic, such as 'electric' cars available for sale or web pages with the term 'Oakland Raiders.'" Microsoft seeks to add the limitation that items in categories have common characteristics and that each item cannot be a member of more than one category. Microsoft claims its interpretation is consistent with the embodiment described in Fig. 11 of the patents-in-suit.

      Microsoft attempts to incorporate unnecessary limitations into the claims through a restrictive definition of "category," requiring that each item in the category have a common characteristic. Microsoft points to the specification as providing a basis for its interpretation: "Using the category labels and item labels, a display area can efficiently be populated, while giving the user *an indication of the overall organization* of the data in the database." '843 patent, Col. 11:8-10 (emphasis added). The specification, however, describes categories in more detail than Microsoft alludes to: "each label represents either an item or a category, where an item label represents an individual item, while a *category label represents an entire category of items*." '843 patent, Col. 4: 46-48 (emphasis added). There are examples in the patents-in-suit of items being grouped together based on a common characteristic and examples of items being grouped together simply because they are displayed on a map in close proximity. '843 patent, Col. 7:48-49. There is no reason to incorporate the

limitations of one embodiment and not the other when the claim language requires neither.

Microsoft seeks to add the limitation that an item be "characterized" as being a member of only one category and as not being a member of one or more other categories. The claims do not require that an item is a member of only one category. To the contrary, the patents-in-suit teach that an item can be in more than one category. '843 patent, Col. 7: 38-41 ("the system could be designed to allow a record to be in more than one cluster"). Microsoft has provided no viable argument requiring an item to belong in one category and no others. Accordingly, the Court construes this term as set forth above.

*Determining a number of categories which are to be represented in a display* and *Determining a number of categories which are to be represented in the display*

The Court agrees with Sklar that the terms have their plain ordinary meaning and do not require construction. Microsoft argues the terms should be construed to mean "determining the number of categories which contain one or more items. Each of those categories shall be shown in the display with a category label."

Microsoft's proposed construction has two parts. The first part requires "determining the number of categories which contain one or more items." Sklar concedes that all categories have one or more items. Sklar does argue, however, that Microsoft's proposed construction seeks to change the claim language. The '843 patent claim language recites "determining a number of categories which are to be represented in a display" and not as Microsoft argues "which contain one or more items." Instead of "determining [which categories] are to be represented in the display," Microsoft requires an additional step of "determining" how many categories have one or more items and those categories would then be represented in the display. This additional step is not supported by the

claim language and the Court rejects Microsoft's argument.

The second part of Microsoft's proposed construction requires that "each category which is to be represented in a display" actually be shown in the display with a category label. Microsoft argues that the patents-in-suit specifications are consistent with its construction that all category labels, open and unopen, be represented in the display. Microsoft points to Fig. 11 of the '843 patent that shows category labels for an unopened category and for an opened category. Additionally, Microsoft points to the patents-in-suit specifications for support:

> To automatically determine which categories to open, a processor, such as the CPU shown in Fig. 5 and described above, determines how much space is available *after the display of the category labels*, and then opens categories beginning with the smallest category, until there is no space left in the display to open another category.

'843 patent, Col. 10:54-60 (emphasis added). Claim 5, however, of the '843 patent states:

> 5. A method of presenting a user with selection of items, wherein each item is characterized as being a member of one category selected from a plurality of categories, the method comprising the steps of:
> . . .
> determining how much of the display area would be left over area, if any, after *display of category labels representing items*;
> . . .
> displaying an item label for each item in the at least one open category and other open categories, if any, and *a category label for each unopen category*.

'843 patent, Col. 12:9-25 (emphasis added). Microsoft's construction attempts to require that which Sklar specifically left out of the claims. The patents-in-suit claim language requires display of category labels for unopen categories that represent items. The claim language specifically does not require the display of category labels for opened categories since all of the items in the opened category are represented by item labels in the display. Therefore, Microsoft's argument is rejected because it seeks to add limitations that are not supported in the claim language of the patents-in-suit.

The words are so common and simple that a lay juror would have no difficulty in understanding them. *See Philips*, 415 F.3d at 1314. It is difficult to conceive of a more clear way to convey the meaning of these terms. Accordingly, the Court does not construe these terms.

*Display area*

The Court construes the term "display area" to mean "an area of display that is defined prior to the step of 'determining how much display area would be left over.'" Microsoft argues the term should be construed to mean "a display is the entire screen capable of showing visual information to a user." Microsoft removed portions of its earlier construction at the claim construction hearing. Sklar proposes the phrase should be construed to mean "a defined area on the display screen for displaying item labels and category labels."

Sklar argues "display" is an adjective that modifies the noun "area." Sklar contends that Microsoft's proposed construction seeks to separately construe the words "display" and "area" as nouns, thereby, changing the term "display area" to "the display's area."

The specification describes a display 900 ('843 patent, Fig. 11) but does not require that display 900 be the entire screen surface of a computer monitor. The specification describes a computer monitor 20 that has a display surface 22 ('843 patent, Fig. 4). The specification does not make any inference that display 900 is the entire display surface 22 of the computer monitor 20. If that were the result intended, the terms would have been referenced as one instead of separately. Furthermore, display 900 in Fig. 11 has dynamic data fields 906 and navigation buttons along the bottom of the display 900. These additional items take up space on display 900 that cannot be used to display category and item labels. The specification consistently uses the term "display area" as an area for displaying and not the entire screen surface of a monitor.

> The actual term "display area" is used in the specification only a few times.
>
> Alternatively, the processor might set a threshold count and tentatively open each category having a number of items equal to or less than the threshold count and then adjust the threshold count to shrink or expand the list to best fit the *display area*.
> . . .
> Using the category labels and item labels, a *display area* can be efficiently populated, while giving the user an indication of the overall organization of the data in the database.

'843 patent, Cols. 10:60-64, 11:8-10 (emphasis added). The patents-in-suit specifically refer to the area where items are to be displayed. The Court rejects Microsoft's argument as the specification does not require the "display area" to include the entire screen. Alternatively, Sklar's proposed construction provides little guidance about how much of the display is used. Therefore, the Court's construction clearly calls out the sequence required by the claims of the patents-in-suit.

*Determining how much of the display area would be left over area, if any, after display of category labels representing items*

The Court agrees with Sklar that the term has its plain ordinary meaning and does not require construction. Microsoft argues the term should be construed to mean "determining the area remaining after display of category labels for all categories containing one or more items."

The primary dispute centers on whether category labels for both open and closed categories must be displayed. Microsoft contends the specification supports its argument:

> To automatically determine which categories to open, a processor, such as a CPU shown in Fig. 5 and described above, determines how much space is available after display of *the category labels*, and then opens categories beginning with the smallest category, until there is no space left in the display to open another category.

'843 patent, Col. 10:54-60 (emphasis added). This statement, however, does not make any clear distinction between open and closed categories when determining the space available after the display of category labels. Microsoft also points to Fig. 11 that displays category labels for an

11

opened category 904a as well as for closed categories 904. As discussed earlier, however, the claim language does not require the display of category labels for opened categories. Sklar specifically left out this requirement from the claim language. Therefore, Microsoft's argument that opened category labels must be used in the determination of how much display area would be left over after the display of opened categories is not supported by the teachings of the specification and contrary to the claim language.

The term is so common and simple that a lay juror would have no difficulty in understanding it. *See Philips*, 415 F.3d at 1314. It is difficult to conceive of a more clear way to convey the meaning of this term. Accordingly, the Court does not construe this term.

*Designating at least one category*

The Court agrees with Sklar that the term has its plain ordinary meaning and does not require construction. Microsoft argues the term should be construed to mean "making each of one or more categories an open category." As an alternative to its position that no construction is necessary, Sklar proposes "the processor designates at least one category." Microsoft objects to Sklar's proposal that this step be performed by a processor. The specification does mention a processor determining which categories to open. '843 patent, Col. 10:54-60. The claim language, however, does not require such a limitation. Defining this term will very likely cause more confusion than it will solve. Any attempted construction will amount to defining the word "designate," which is a common and simple enough term that a lay juror would easily understand its meaning. Therefore, the Court does not construe this term.

*Open category*

The Court accepts Sklar's proposed construction and construes the term to mean "a category

for which an item label is displayed in the display area for each item in the category." Microsoft argues the term should be construed to mean "a category for which a category label is displayed and individual item labels are displayed for every item in the category."

Both parties agree than an "open category" is, at least, a category for which item labels are displayed for every item in the category. The essential dispute, however, is whether a category label is displayed for both open and closed categories. For the reasons stated earlier, the claim language does not require the display of category labels for opened categories. Sklar specifically left out this requirement from the claim language. Therefore, the Court accepts Sklar's proposed construction.

*Based on the number of items in the category*

The Court agrees with Sklar that the term has its plain ordinary meaning and does not require construction. Microsoft argues the term should be construed to mean "the number of items in a category dictates whether the category is an open category." The parties disagree whether the number of items in a category dictates or is the basis for whether the category is designated as an open category. The claim language is clear on this point: the decision is "based on the number of items in the category." Microsoft's proposed construction seeks to replace "based on" with the term "dictate." The term "dictate," however, does not appear anywhere in the specification or the claims.

The term "based on" appears several times in the specification and is used in its plain ordinary meaning. *See* '843 patent, Cols. 3:32-35, 7:54-57. The term is common and simple, and a lay juror would have no difficulty understanding it. The term is not a scientific phrase and can be easily understood. Substitution of the word "dictate" for the term "based on" is unwarranted and needless. Accordingly, the Court does not construe this term.

*Displaying an item label for each item in the at least one open category and other open categories, if any, and a category label for each unopen category*

The Court accepts Sklar's proposed construction and construes the term to mean "at least one category is designated as open and an item label is displayed for each item in this open category and any other open categories. A category label is displayed for each unopen category." Microsoft argues the term should be construed to mean "showing in the display an item label for every item in every open category and a category label for every unopen category. An 'item label' is all text and/or graphics used in the display to represent an individual item. A 'category label' is all text and/or graphics used in the display to represent a category of items."

At the Court's claim construction hearing, Microsoft agreed to remove the last two sentences of its proposed construction related to defining an "item label" and a "category label" as all text and/or graphics to eliminate Sklar's concerns over their inclusion in the definition. Thus, the primary area of dispute between the parties has been resolved. The Court, however, adopts Sklar's proposed construction finding it better clarifies and simplifies the term.

## CONCLUSION

For the foregoing reasons, the Court interprets the claim language in this case in the manner set forth above. For ease of reference, the Court's claim interpretations are set forth in a table as Appendix B. The claims with the disputed terms in bold are set forth in Appendix A.

**So ORDERED and SIGNED this 16th day of July, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

**U.S. PATENT NO. 6,025,843**
Claim 5
What is claimed is:

    5.  A method of **presenting a user with selection of items**, wherein each **item** is **characterized as being a member of one category selected from a plurality of categories**, the method comprising the steps of:

        **determining a number of categories which are to be represented in a display**;

        determining a **display area**;

        **determining how much of the display area would be left over area, if any, after display of category labels representing items**;

        **designating at least one category** as an **open category**, **based on the number of items in the category**;

        **displaying an item label for each item in the at least one open category and other open categories, if any, and a category label for each unopen category**.


**U.S. PATENT NO. 6,243,094**
Claims 11 and 19
What is claimed is:

    11.  A method of **presenting a user with a display of a selection of items**, wherein each **item** is **characterized in the display as being a member of a category selected from a plurality of categories**, the method comprising the steps of:

        **determining a number of categories which are to be represented in the display**;

        determining a **display area**;

        **determining how much of the display area would be left over area, if any, after display of category labels representing items**;

        **designating at least one category** as an **open category**; and

        **displaying an item label for each item in the at least one open category and other open categories, if any, and a category label for each unopen category**.

    19.  A computer program embodied on a computer-readable medium for **presenting a user with a display of a selection of items**, the computer program comprising:

        a code segment for **determining a number of categories which are to be represented in the display**;

        a code segment for determining a **display area**;

        a code segment for **determining how much of the display area would be left over area, if any, after display of category labels representing items**;

        a code segment for **designating at least one category** as an **open category**; and

        a code segment for **displaying an item label for each item in the at least one open category and other open categories, if any, and a category label for each unopen category**.

# APPENDIX B

## Claims Construction for
## U.S. Patent Nos. 6,025,843 (Claim 5) and 6,243,094 (Claims 11 and 19)

| Claim Language | Court's Construction |
|---|---|
| **presenting a user with selection of items** <br> Claim 5 ('843) <br><br> **presenting a user with a display of a selection of items** <br> Claims 11 and 19 ('094) | The parties agree that this term does not require construction. |
| **item** <br><br> Claim 5 ('843) <br> Claims 11 and 19 ('094) | No construction needed. |
| **characterized as being a member of one category selected from a plurality of categories** <br> Claim 5 ('843) <br><br> **characterized in the display as being a member of a category selected from a plurality of categories** <br> Claim 11 ('094) | One characteristic of an item is that it is a member of at least one category, where multiple categories exist. |
| **determining a number of categories which are to be represented in a display** <br> Claim 5 ('843) <br><br> **determining a number of categories which are to be represented in the display** <br> Claim 11 ('094) | No construction needed. |

| | |
|---|---|
| **display area**<br><br>Claim 5 ('843)<br>Claims 11 and 19 ('094) | An area of display that is defined prior to the step of 'determining how much display area would be left over.' |
| **determining how much of the display area would be left over area, if any, after display of category labels representing items**<br><br>Claim 5 ('843)<br>Claims 11 and 19 ('094) | No construction needed. |
| **designating at least one category**<br><br>Claim 5 ('843)<br>Claims 11 and 19 ('094) | No construction needed. |
| **open category**<br><br>Claim 5 ('843)<br>Claims 11 and 19 ('094) | A category for which an item label is displayed in the display area for each item in the category. |
| **based on the number of items in the category**<br><br>Claim 5 ('843) | No construction needed. |
| **displaying an item label for each item in the at least one open categories, if any, and a category label for each unopen category**<br><br>Claim 5 ('843)<br>Claim 11 ('094) | At least one category is designated as open and an item label is displayed for each item in this open category and any other open categories. A category label is displayed for each unopen category. |