IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PETER SKLAR | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 2:06 CV 7 |
| | § | PATENT CASE |
| MICROSOFT CORPORATION | § | |
| | § | |
| Defendant | § | |
| | § | |

ORDER

The above entitled and numbered civil action has been referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Memorandum Opinion and Order (Docket No. 89) containing the Magistrate Judge's claim construction ruling has been presented for consideration. Defendant has filed a motion for reconsideration (Docket No. 93) of the Memorandum Opinion and Order.

*Prior Art*

Microsoft argues the Magistrate Judge improperly considered U.S. Patent No. 5,790,121 ("the '121 patent") in construing U.S. Patent Nos. 6,025,843 ("the '843 patent") and 6,243,094 ("the '094 patent") ("the patents-in-suit"). The '121 patent is the parent application of the patents-in-suit. The '121 patent lists Peter Sklar and Cole Coleman as inventors. The patents-in-suit list Sklar as the sole inventor. Microsoft contends because Sklar is the sole inventor of the patents-in-suit and Coleman and Sklar are the inventors of the '121 patent, the '121 patent is the work 'of another' and should be considered prior art. Microsoft, however, fails to make an adequate showing addressing "whether the portions of the reference relied on as prior art, and the subject matter of the claims in

question, represent the work of a common inventive entity." *See Riverwood Int'l Corp. v. R.A. Jones & Co.*, 324 F.3d 1346, 1356 (Fed. Cir. 2003); *see also Applied Materials Inc. v. Gemini Research Corp.*, 835 F.2d 279, 281 (Fed. Cir. 1988) ("[T]he fact that an application has named a different inventive entity than a patent does not necessarily make that patent prior art."). Specifically, Microsoft has not shown which portions of the '121 patent were invented solely by Coleman to render the '121 patent prior art to the subject matter invented by Sklar in the patents-in-suit. Without this showing, the '121 patent is not automatically considered prior art to the patents-in-suit as Microsoft contends. *Id.* ("Even though an application and a patent . . . share one or more persons as joint inventors . . . exclusion for a patent to 'another' is not necessarily satisfied.").

*Claim Differentiation*

Microsoft argues the Magistrate Judge misapplied the doctrine of claim differentiation by citing limitations of the '121 patent to broaden claims of the patents-in-suit beyond their proper scope. Specifically, Microsoft claims the Magistrate Judge erroneously utilized the doctrine of claim differentiation in construing the term "item."

The Magistrate Judge did not solely rely on the '121 patent in construing "item." First, the Magistrate Judge reviewed the claims themselves to determine what the term means. *Phillips*, 415 F.3d at 1312. Second, the specification of the patents-in-suit and the '121 patent were reviewed to possibly assist in construing the term. *See Masco Corp. v. United States*, 303 F.3d 1316, 1324 (Fed. Cir. 2004) (citing *Elkay Mfg. Co. v. Ebco Mrg. Co.*, 192 F.3d 973, 980 (Fed. Cir. 1999) ("The prosecution history of a parent application may be considered in construing claim terms.")). Third, the Magistrate Judge reviewed the parties' proposed construction for the patents-in-suit. Microsoft's attempt to interject the claim language of the '121 patent into the claim language of the patents-in-suit is not supported and the Magistrate Judge concluded the scope "of each individual claim must

be examined on its own merits." *See Lemelson v. TRW, Inc.*, 760 F.2d 1254, 1267 (Fed. Cir. 1985). Lastly, the Magistrate Judge reviewed the underlying applications from the '121 patent and the patents-in-suit to confirm his reasoning that the limitations urged by Microsoft were not supported.

The Magistrate Judge did not use claim differentiation to broaden the scope of "item." The Magistrate Judge did not rely solely on the '121 patent, but instead reviewed all the above mentioned factors in defining "item." Ultimately, based on the totality of the patents-in-suit's prosecution history and claim language, the Magistrate Judge did not broaden the scope of "item" but concluded the term "item" has its ordinary meaning and does not require any construction.

*General Objections to the Claim Construction*

Microsoft argues the Magistrate Judge declined to provide construction for several disputed claim terms leaving the jury with no guidance as to how to construe the undefined terms. The Magistrate Judge, however, properly considered the claims and specification in determining various terms were not scientific or terms of art that a lay juror would not understand. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent event to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words"). Microsoft's argument is without merit and is rejected.

The findings and conclusions of the Magistrate Judge are correct. Therefore, Defendant's motion for reconsideration is **DENIED** and the Court adopts the Memorandum and Opinion Order of the United States Magistrate Judge as the Opinion and Order of this Court.

**So ORDERED and SIGNED this 31st day of August, 2007.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**